[NOT FOR PUBLICATION]

UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT


No. 96-2307

MICHAEL A. GUGLIELMO,

Plaintiff, Appellant,

v.

NEW HAMPSHIRE STATE PRISON, ET AL.,

Defendants, Appellees.



APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. Joseph A. DiClerico, U.S. District Judge] 



Before

Torruella, Chief Judge, 
Campbell, Senior Circuit Judge, 
and Boudin, Circuit Judge. 



Michael A. Guglielmo on brief pro se. 



April 25, 1997


Per Curiam. Upon careful review of the record and 

appellant's brief, we perceive no error in the district

court's dismissal of this case. We reach this conclusion

essentially for the reasons stated in the magistrate judge's

report and recommendation dated August 26, 1996. We add only

these comments.

1. The constitutionality of the "cost of care"

reimbursement provision, N.H. Rev. Stat. Ann. 622:53-58

(Supp. 1995), is not fit for review at this time and better

may be evaluated in the context of a live case. See Ernst & 

Young v. Depositors Economic Protection Corp., 45 F.3d 530, 

538 (1st Cir. 1995) ("[The] claim lacks the needed dimensions

of immediacy and reality. The challenge is not rooted in the

present, but depends on a lengthy chain of speculation as to

what the future has in store.").

2. The medical co-payment and litigation fee

provisions, N.H. Rev. Stat. Ann. 622:31-a & 623-B:1-3

(Supp. 1995), are alterations in the prevailing legal and

administrative regime, rather than increases in the measure

of punishment. Therefore, those provisions are not penal

laws violative of the Ex Post Facto clause, U.S. Const. art.

1 10. See California Department of Corrections v. Morales, 

115 S.Ct. 1597, 1603 n.6 (1995); Dominique v. Weld, 73 F.3d 

1156, 1163 (1st Cir. 1996); Jones v. Murray, 962 F.2d 302, 

309 (4th Cir. 1992) ("It is precisely because reasonable

-2-

prison regulations . . . are contemplated as part of the

sentence of every prisoner, that they do not constitute

additional punishment and are not classified as ex post

facto."). We are unswayed by the distinction appellant

attempts to draw between "positive" laws and "regulations" or

"policies."

3. We reject appellant's contention that the

litigation fee provisions violate his right of access to the

courts. See Lewis v. Casey, 116 S.Ct. 2174, 2180-82 (1996) 

(to show a violation, the litigant must show "actual injury"

such that an actionable claim has been lost or rejected or

that presentation of the claim is currently being prevented);

N.H. Rev. Stat. Ann. 623-B:1(IV) ("Nothing in this section

shall prohibit an inmate from filing a civil action or

proceeding if the inmate is indigent."). 

4. We decline to comment further on appellant's

undeveloped arguments that the medical co-payment and

litigation fee provisions violate double jeopardy and equal

protection.

Affirmed. See 1st Cir. Loc. R. 27.1. 

-3-